Smith, J.
The entry made in this case a few days ago was presented to us as a consent entry, agreed to by all of the parties to the *133 proceeding in error, and for this reason the questions raised by the record were not considered by the court.
Since the entry of the judgment, it has been suggested to us that other persons, creditors of the late firm of C. H. Payne & Co., (of which said Payne and McNamara were the sole members), are interested in the assets of said partnership, which is insolvent, and that they object to the allowance to the attorneys of Payne, who filed the petition for the appointment of a receiver of said firm and for the winding up of its affairs, of the fee charged by-them.
We have thought it proper, therefore, to consider the question raised by the record, whether the case is one in which the plaintiff who filed the petition should, from the funds brought into court under this proceeding, have the amount of his reasonable attorney’s fees allowed to him. If what has been done has been beneficial to the parties entitled to receive the fund on dislribution, we think that such allowance should be made under the well settled principles of law. See 35 Ohio St. 581, and 105 U. S. 527.
At the hearing of the case iu the court of common pleas, evidence was offered that the value of the services rendered was $150.00, and we think that these affidavits also showed that the services rendered were beneficial to the creditor-'. No counter evidence was offered as to this, or as to the value of the services. We are satisfied, from the statements of counsel, that the action of the court in overruling the motion and refusing to make any allowance, was based on what is said to have been the practice of the court hitherto in such cases, and, therefore, that the value of the services rendered was not considered.
We therefore deem it proper to reverse the judgment rendered, and remand the case to the trial court to re-try the same and determine whether the services of the attorneys of the plaintiff below were for the benefit of the parties entitled to share in the fund; and, if so, to fix and determine the reasonable value thereof. It is not a case where this court is authorized, *134 on reversal, to fix the amount. This, in our judgment, can only properly be done where there is a finding by the court of such value, or where there is an agreement as to the amount by the parties.
L. H. Pummill, for plaintiff in error.
Bromwell & Brown, John B. Childe, and Cox & Cox, for defendant in error.